# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL ESTRADA, individually and as beneficiary of the NUBIA NATINAL TRUST BANK, | Case No.: 2:26-cv-01437-APG-BNW |
| Plaintiff | **Order** |
| v. | |
| AMERIHOME MORTGAGE COMPANY LLC, et al., | |
| Defendants | |

Plaintiff Michael Estrada purchased the property at 1025 Bluebird Hill Avenue in North Las Vegas via a loan secured by a deed of trust.  He alleges that he previously entered into a forbearance agreement with defendant AmeriHome Mortgage Company during the COVID-19 pandemic under which his missed payments would be added to the end of the loan term.  He asserts that despite this agreement, AmeriHome demanded that he pay the $140,000 in missed payments in a lump sum once the forbearance period ended.  He also asserts that AmeriHome denied his requests for loss mitigation multiple times without explanation.  And he contends that AmeriHome, through its trustee, National Default Servicing Corporation, conducted a foreclosure sale on May 8, 2026 even though he had filed a request for foreclosure mediation under Nevada law.  He states that defendant Manuel Cortes, doing business as LV Home Savers, purchased the property at the foreclosure sale.

Estrada seeks a restraining order prohibiting the defendants from recording the deed upon sale with the Clark County Recorder's Office based on his contention that "legal title has not yet transferred and the sale remains incomplete" until the deed is recorded. ECF No. 3 at 2. However, "a foreclosure sale is complete and title vests in the purchaser once payment has been

made by the highest bidder." *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nevada Ass'n Servs., Inc.*, 437 P.3d 154, 158 (Nev. 2019).  Thus, stopping the defendants from recording the deed upon sale will not stop the transfer of ownership.  I therefore decline to address the motion for temporary restraining order until Estrada serves the defendants and they appear in the case because it is too late to stop the sale and recording the deed will not change whether the sale is final.

IT IS SO ORDERED.

DATED this 12th day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2