# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICHAEL ESTRADA, individually and as beneficiary of the NUBIA NATINAL TRUST BANK,

     Plaintiff

v.

AMERIHOME MORTGAGE COMPANY, LLC, et al.,

     Defendants

Case No.: 2:26-cv-01437-APG-BNW

**Order**

Plaintiff Michael Estrada purchased the property at 1025 Bluebird Hill Avenue in North Las Vegas via a loan secured by a deed of trust. He alleges that he previously entered into a forbearance agreement with defendant AmeriHome Mortgage Company, LLC during the COVID-19 pandemic under which his missed payments would be added to the end of the loan term. He asserts that despite this agreement, AmeriHome demanded that he pay the $140,000 in missed payments in a lump sum once the forbearance period ended. He also asserts that AmeriHome denied his requests for loss mitigation multiple times without explanation. And he contends that AmeriHome, through its trustee, National Default Servicing Corporation, conducted a foreclosure sale on May 8, 2026 even though he had filed a request for foreclosure mediation under Nevada law.

Estrada previously moved for a temporary restraining order to prohibit the defendants from recording the deed upon sale with the Clark County Recorder's Office based on his contention that "legal title has not yet transferred and the sale remains incomplete" until the deed is recorded. ECF No. 3 at 2. However, "a foreclosure sale is complete and title vests in the

purchaser once payment has been made by the highest bidder." *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nev. Ass'n Servs., Inc.*, 437 P.3d 154, 158 (Nev. 2019).  Thus, stopping the defendants from recording the deed upon sale would not stop the transfer of ownership.  So I entered an order declining to address the motion for temporary restraining order until Estrada serves the defendants and they appear in the case because it was too late to stop the sale and recording the deed will not change whether the sale is final. ECF No. 5.

Estrada thereafter filed a first amended complaint. ECF No. 10.  Although the original complaint alleged that Manuel Cortes, doing business as LV Home Savers, purchased the property at the foreclosure sale, the amended complaint alleges that Darren Young bought the property.  Estrada states that he contacted Young by phone to advise him of this lawsuit and to request a service address for Young but was rebuffed.

Estrada also filed a "[Proposed] Ex parte Temporary Restraining Order, Order to Show Cause re: Preliminary Injunction, and Order Setting Damages Hearing." ECF No. 9.  To the extent Estrada means this to be a new motion for an ex parte temporary restraining order, he did not properly file it.  Under Local Rule IC 2-2(c),[1] Estrada is "responsible for designating the accurate title of a document filed in the electronic filing system."  Calling a motion a proposed order is not an accurate title.  Additionally, the document appears to be a proposed order, not a motion, because it is written as if I would sign it and it is not "supported by a memorandum of points and authorities." LR 7-2(a).  If Estrada wants to file a new motion for a temporary restraining order, he should file a motion that is properly titled and supported.

In his filings, Estrada asserts that he is in danger of being evicted.  However, he has not yet received a notice of eviction.  And if he does, he has remedies in an eviction proceeding in

---

[1] The  Local Rules can be accessed on the court's website, www.nvd.uscourts.gov.

state court.  I reiterate to Estrada that I am not inclined at this stage to address a motion for temporary restraining order ex parte and that he must serve the defendants.  "[S]ervice of process is the means by which a court asserts its jurisdiction over the person." *Sec. & Exch. Comm'n v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007).  If proper service of process is not accomplished, I lack the power to render a judgment against a defendant. *Id.* at 1138-39.

Estrada purports to have served defendants AmeriHome and National Default through certified mail. ECF No. 8.  But certified mail is not a proper method to serve a defendant.  Under Federal Rule of Civil Procedure 4(h)(1), entities like AmeriHome and National Default must be served in the manner that individuals are served pursuant to Rule 4(e)(1) or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."  Individuals may be served by: (1) following the laws governing service of process in the state where the district court is located or where service is made; or (2) delivering a copy of the summons and complaint to the individual personally, an authorized agent, or a person of suitable age and discretion residing with the individual. *See* Fed. R. Civ. P. 4(e).

The law of Nevada, the state where this district court is located, requires personal service of the summons and complaint to individuals by any of the personal delivery methods authorized by Federal Rule of Civil Procedure 4(e). *See* Nev. R. Civ. P. 4.2(a).  Delivery cannot be by regular mail, certified mail, or something similar like UPS. *See id.*  Consequently, a plaintiff cannot serve a defendant by sending the summons and complaint by certified mail under either the Federal or Nevada Rules of Civil Procedure. *See, e.g., Johnson v. Clark Cnty. Sch. Dist.*, No. 2:14-cv-02213-JAD-VCF, 2016 WL 3156059, at *1 (D. Nev. June 3, 2016); *Cabrera v. Las Vegas Metro. Police Dep't*, No. 2:12-cv-00918-RFB-CWH, 2014 WL 6634821, at *2-3 (D. Nev.

Nov. 21, 2014). Even if certified mail could suffice, there is no showing that anyone signed certified return receipts, much less that any person who signed was qualified under Rule 4 to accept service on behalf of the entity defendants.

It behooves Estrada to complete service on all defendants as soon as possible. I refer him to Federal Rule of Civil Procedure 4 on how to properly accomplish service on entities and individuals. To the extent Estrada suggests that he may need to resort to alternative means of service, he must first demonstrate that the usual service methods are "impracticable," and he must file a properly supported motion for alternative service. *See* Fed. R. Civ. P. 4(e)(1) (providing that service may be accomplished by following state law for serving a summons in an action brought in the state where the federal court is located); Nev. R. Civ. P. 4.4(b)(1), (2) (providing for service by alternative methods under certain conditions).

DATED this 28th day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

4