**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL ESTRADA, individually and as beneficiary of the NUBIA NATIONAL TRUST BANK,<br><br>Plaintiff<br><br>v.<br><br>AMERIHOME MORTGAGE COMPANY LLC, *et al.*,<br><br>Defendants | Case No.: 2:26-cv-01437-APG-BNW<br><br>**Order Denying Plaintiff's Motion for Temporary Restraining Order**<br><br>[ECF No. 3] |

Plaintiff Michael Estrada purchased the property at 1025 Bluebird Hill Avenue in North Las Vegas via a loan secured by a deed of trust. During the COVID-19 pandemic, he entered into a forbearance agreement with defendant AmeriHome Mortgage Company under which, he contends, his missed payments would be added to the end of the loan term. He alleges that despite this agreement, AmeriHome demanded that he pay the $140,000 in missed payments in a lump sum once the forbearance period ended. He also asserts that AmeriHome denied his multiple requests for loss mitigation without explanation. And he contends that AmeriHome, through its trustee, National Default Servicing Corporation, conducted a foreclosure sale on May 8, 2026 even though he had filed a request for foreclosure mediation under Nevada law.

Estrada moved for an emergency restraining order prohibiting the defendants from recording the deed from the foreclosure sale based on his contention that "legal title has not yet transferred and the sale remains incomplete" until the deed is recorded. ECF No. 3 at 2. Because it was too late to stop the sale and recording the deed would not change whether the sale is final,

I declined to address Estrada's motion until he served the defendants. ECF No. 5. AmeriHome has now been served and opposes the motion. ECF No. 32.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the alternative, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (simplified). Estrada cannot satisfy either test, so I deny his motion for an injunction.

Preliminarily, Estrada's motion is moot because he filed it after the foreclosure sale had occurred. As I stated in my previous order, "a foreclosure sale is complete and title vests in the purchaser once payment has been made by the highest bidder." ECF No. 5 at 1-2 (quoting *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nevada Ass'n Servs., Inc.*, 437 P.3d 154, 158 (Nev. 2019)). Because Estrada filed his motion for an injunction after the sale was complete, the relief sought in the motion is unavailable.

Even if Estrada's motion had been timely, he still would not have been entitled to an injunction because he cannot show a likelihood of success on the merits of his claims. Estrada contends that the foreclosure was improper because it should have been stayed by the Petition for Foreclosure Mediation he filed seven days before the foreclosure. ECF No. 1 at 11. A borrower must file such a mediation petition within 30 days of service of a notice of default. Nev. Rev. Stat. § 107.086(3). Here, the notice of default was recorded and served in December 2025. ECF Nos. 32-5 through 32-8. Yet Estrada waited over four months to file his petition for mediation.

Because it was untimely, Estrada has no likelihood of success on his argument that his mediation petition should have stopped the foreclosure sale.

Nor has Estrada shown a likelihood of success on his claim that AmeriHome violated the Real Estate Settlement Procedures Act (RESPA) by denying his loss mitigation requests without a proper explanation. ECF No. 1 at 10. A RESPA violation occurs, in the context of this case, when a loan servicer does not properly respond to a qualified written request from the borrower that "(1) reasonably identifies the borrower's name and account, (2) either states the borrower's reasons for the belief . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower, and (3) seeks information relating to the servicing of [the] loan." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012) (simplified). Estrada's complaint does not allege that he provided a qualified written request to AmeriHome. Rather, he contends that after he participated in AmeriHome's COVID-19 forbearance program he requested "to resume his regular monthly mortgage payments and to be evaluated for loss mitigation options, including loan modification, repayment plans, or deferral structures." ECF No. 1 at 5-6. Estrada does not allege he provided AmeriHome with details of why he believed the account was in error or any other information required by RESPA for a qualified written request. But even if he had, relief under RESPA is limited to monetary damages. 12 U.S.C. § 2605(f). *See also Medrano*, 704 F.3d at 665 ("If the servicer fails to respond properly to such a request, the statute entitles the borrower to recover actual damages and, if there is a pattern or practice of noncompliance, statutory damages of up to $1,000." (simplified)). The statute does not authorize injunctive relief. Thus, Estrada is not entitled to an injunction based on his claim of RESPA violations.

Finally, Estrada alleges AmeriHome represented it would add his forbearance payments to the back of his loan but breached that oral agreement by demanding that Estrada pay the amount ($140,000) in a lump sum. ECF No. 1 at 10. An agreement to modify a mortgage or deed of trust must be in writing to satisfy the statute of frauds. *Prince v. U.S. Bancorp*, No. 2:09-CV-01095-KJD, 2010 WL 3385396, at *4 (D. Nev. Aug. 25, 2010) ("Plaintiff's claims for breach of contract based on the oral forbearance agreement must be dismissed because Plaintiff has not alleged the existence of any writing that would satisfy the statute of frauds."). Estrada offers no documents memorializing the alleged oral agreement. Thus, he has not shown a likelihood of success on the merits of his breach of contract claim.

Because Estrada has not shown a likelihood of success on his claims or raised serious questions as to their merits, he is not entitled to the extraordinary remedy of an injunction.

I THEREFORE ORDER that Estrada's motion for a temporary restraining order **(ECF No. 3) is DENIED.**

DATED this 21st day of August, 2026.

________________________________
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE